# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:95-cr-00198-4

RANDY CHRISTMAS,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The defendant's original Presentence Investigation Report attributed 361.2 grams of cocaine base. His original offense conduct resulted in a base offense level of 34, and a criminal history

category of VI. The defendant received a two-level enhancement for possession of a firearm during commission of the offense and a two-level increase for obstruction of justice. The defendant had no other enhancements or reductions. His original guideline range was 360 to 480 months. The United States has indicated that it does not object to a two-level reduction in the defendant's sentence.[1]

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 36, and a guideline range of 324 to 405 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 324 months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)( C).

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals.

ENTER:     January 9, 2009

Joseph R. Goodwin, Chief Judge

---

[1] The court notes that the defendant raised issues regarding the alleged improper calculation of his guideline range at his original sentencing, particularly his criminal history calculation. Pursuant to U.S.S.G. § 1B.1.10(a)(3), "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Accordingly, I cannot reassess the calculations made at the defendant's original sentencing.