# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

RANDY CHRISTMAS,

        Defendant,

v.                                       CRIMINAL ACTION NO.   2:95-cr-00198
                                       (Civil No. 2:06-cv-00029)

UNITED STATES OF AMERICA,

        Respondent.

# MEMORANDUM OPINION & ORDER

Pending before the court is the defendant's Motion Pursuant to Rule 60(d)(1) [Docket 634], seeking modification of his May 27, 1997 sentence.  This motion is **DISMISSED**.

"[R]eview of successive applications [for collateral review] is available only in limited circumstances."  *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).  A petitioner must obtain authorization for a successive application from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3).  "[C]ourts must not allow prisoners to circumvent" these limitations "by attaching labels other than 'successive application' to their pleadings."  *Winestock*, 340 F.3d at 203.  "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application."  *Id.* at 207.

The defendant argues that he was not sentenced under the correct base offense level pursuant to the United States Sentencing Guidelines.  He asserts that a juvenile conviction for which he received a sentence of probation was incorrectly assigned three criminal history points.

The Court of Appeals denied the defendant's direct appeal. *United States v. Christmas*, 141 F.3d 1160 (4th Cir. 1998) (unpublished) [Docket 309]. He filed motions under 28 U.S.C. § 2255 on August 24, 1998 [Docket 319] and December 14, 1998 [Docket 341], which were denied on December 18, 1998 [Docket 345] and January 28, 1999 [Docket 354], respectively. He sought to appeal his first § 2255 motion, but the Court of Appeals denied a certificate of appealability and dismissed his appeal. *United States v. Christmas*, 175 F.3d 1016 (4th Cir. 1999) (unpublished) [Docket 364]. On July 30, 2001, the Court of Appeals denied his request for authorization to file a successive motion for post-conviction relief. *In re: Christmas*, No. 01-954 [Docket 436]

On January 1, 2006, the defendant filed another § 2255 motion [Docket 495], which was denied [Docket 517]. The Magistrate Judge's Proposed Findings and Recommendation noted that the defendant's motion "is clearly an attempt to file a successive postconviction motion without first obtaining authorization from the U.S. Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3)," and that the district court lacked jurisdiction to consider the motion "in the absence of the pre-filing authorization." (Proposed Findings & Recommendation [Docket 500] 2-3.) The Court of Appeals again denied a certificate of appealability and dismissed his appeal. *United States v. Christmas*, 223 Fed. Appx. 230 (4th Cir. 2007) (unpublished) [Docket 542].

I conclude that I must treat the defendant's motion as a successive application for collateral review; "failing to do so would allow the [defendant] to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d at 206 (citation and internal quotation marks omitted); *see also United States v. Edelman*, 2010 WL 1709881 (E.D. Ark. April 26, 2010); *United States v. Green*,

2010 WL 55338 (W.D. Va. Jan. 5, 2010); *Dorsey v. Florida*, 2008 WL 5110416 (M.D. Fla. Dec. 3, 2008) (unpublished) (construing Section 60(d)(1) motions as successive applications).

The defendant has not obtained the required authorization from the Court of Appeals. This court lacks jurisdiction to entertain his claim. Accordingly, his motion [Docket 634] is **DISMISSED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      May 5, 2010

                Joseph R. Goodwin, Chief Judge