IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RANDY CHRISTMAS,

           Defendant,

v.                                    CRIMINAL ACTION NO. 2:95-cr-00198-4

UNITED STATES OF AMERICA,

           Plaintiff.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant's Motion to Make Additional Findings/Motion to Alter or Amend Pursuant to Fed. R. Civ. Proc. 52(b) and 59(e) [Docket 637]. This motion is **DENIED**.

The defendant, arguing that this court improperly recharacterized his April 19, 2010 purported Rule 60(d)(1) motion as a successive 28 U.S.C. § 2255 motion without notice, cites *Castro v. United States*, 540 U.S. 375 (2003). *Castro* held that a court cannot "recharacterize a *pro se* litigant's motion as the litigant's *first* § 2255 motion *unless* the court informs the litigant of its intent to recharacterize," warns the litigant of the consequences, and "provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.* at 377 (first emphasis added). These procedures are necessary because such recharacterization "will subject subsequent § 2255 motions to the law's 'second or successive' restrictions." *Id.*

The defendant has already filed three § 2255 motions [Docket 319, 341, and 495]. This court's characterization of his April 19, 2010 motion as a § 2255 motion does not expose subsequent

motions to any restrictions that they were not already subject to. *Castro* did not otherwise limit courts' ability to recharacterize a *pro se* litigant's motions. *See Castro*, 540 U.S. at 382 ("We here address one aspect of this practice, . . . ."). The defendant has failed to persuade the court that its recharacterization was unwarranted. Accordingly, the motion is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     May 18, 2010

*[Signature]*
Joseph R. Goodwin, Chief Judge